UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON TYRONE PALMER,

        Plaintiff,

v.

        Case No. 4:24-cv-12393
        District Judge F. Kay Behm
        Magistrate Judge Anthony P. Patti

AMERICAN EXPRESS,

        Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (ECF No. 20), GRANTING DEFENDANT'S MOTION TO QUASH SERVICE OF SUMMONS (ECF No. 21), DENYING PLAINTIFF'S RELATED MOTION TO STRIKE (ECF No. 28), and DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 17)**

**A.**     **Background**

This is a Consumer Credit Protection Act (CCPA) case.  *See* 15 U.S.C. §§ 1601 to 1693r.  The CCPA provides, *inter alia*, that "[t]he term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment."  15 U.S.C. § 1602(f).

On September 11, 2024, Plaintiff initiated this fee-paid matter, alleging that he "has a right to credit pursuant to" 15 U.S.C. § 1602.  (ECF No. 1, PageID.5.) On September 19, 2024, he filed a first amended complaint (FAC), though there

are few appreciable differences.  (*Compare* ECF No. 1, PageID.5-6, 11; *with* ECF

No. 8, PageID.40-41, 46.)  His form complaint's "statement of claim" now reads:

> Plaintiff received nothing that[']s the damage.  Defendant made
> Plaintiff face hardship[.]  Hardship is a damage.  Plaintiff  [is] not able
> to pay bills.  Plaintiff can[']t move forward in life in business.
> Plaintiff came to get an extension of credit[,] and Plaintiff was told no
> by Defendant.  The Defendant violated the Plaintiff[']s] rights.  The
> Defendant violated Plaintiff[']s] rights by not extending the Plaintiff a
> credit card.  This is financial exploitation to the Plaintiff.  This is
> direct discrimination towards the Plaintiff.  Plaintiff is entitled to have
> a credit card to pay bills.  Defendant violated Plaintiff[']s] rights.
> Defendant violated Plaintiff[']s] rights to credit pursuant to 15 USC
> 1602.

(*Id*., PageID.40.)  Based on further detail provided in an attached typewritten

complaint and certain attachments to the pleading, it appears that Plaintiff's claims

against Defendant stem from American Express's June 9, 2024 denial of Plaintiff's

application for Platinum Card® and the July 29, 2024 and August 2, 2024

affirmances of that decision.  (*Id*., PageID.46 ¶¶ 4-7; *id*., PageID.48, 50, 51.)[1]

Plaintiff alleges this is an action "for discrimination."  (*Id*., PageID.46 ¶¶ 3, 8.)

(*See also id*., PageID.62 [Civil Cover Sheet].)

---

[1] Attached to Plaintiff's FAC are:  (a) letters from American Express to Plaintiff,
dated June 9, 2024, July 29, 2024, and August 2, 2024 (*id*., PageID.48 [Ex. A], 50
[Ex. C], 51 [Ex. D]); (b) notices from Plaintiff to American Express dated July 17,
2024, July 26, 2024, and August 5, 2024, along with United States Postal Service
(USPS) receipts (*id*., PageID.42, 43-45, 49 [Ex. B] & 52-53 [Ex. E]); and, (c) a
durable power of attorney and acceptance of trust, each dated July 17, 2024 (*id*.,
PageID.54-61).

These various references to "discrimination" suggest Plaintiff, perhaps, intends to bring his lawsuit under some unspecified section of the CCPA's "equal credit opportunity" subsection. *See* 15 U.S.C. §§ 1691-1691f.[2]  Plaintiff seeks multiple forms of relief, including entry of an order requiring Defendant to issue Plaintiff a credit card with an open-ended credit line and/or a platinum credit card with a $200,000 line of credit, potentially providing for restitution, and awarding costs.  (*Id*., PageID.41, 47.)

## B.   Entry of Default

On the date Plaintiff filed his complaint, the Clerk of the Court issued a summons to American Express, and it was provided to Plaintiff for service.  (ECF Nos. 2, 3.)  On September 16, 2024, Plaintiff provided the Court with proof that *something* was served upon the Michigan Department of Civil Rights on September 11, 2024, although he later admits he "turned in the incorrect Return Receipt . . . ."  (ECF No. 6, ECF No. 22, PageID.128.)

On September 19, 2024, Plaintiff provided the Court with proof that *something* was served upon American Express and signed for by Thomas Severe, though the Domestic Return Receipt "Date of Delivery" is blank.  (ECF No. 7.)

---

[2] Plaintiff also alleges that Defendant violated Michigan's Uniform Securities Act (2002), 2008 PA 551 (ECF No. 1, PageID.11 ¶ 11), which is codified at Mich. Comp. Laws §§ 451.2101-451.2703.  (*See also* ECF No. 18.)

Tracking information indicates the return receipt was delivered to Detroit, MI – presumably to Plaintiff – on September 19, 2024.  (*Id.*; *see also* ECF No. 24, PageDI.140-141.)[3]

On October 10, 2024, Plaintiff filed a request for Clerk's entry of default (ECF No. 9), as well as a "Notice to Judge Behm[,]" which states, *inter alia*, that he mailed the summons and complaint to American Express on September 11, 2024 via next-day air, American Express received the summons and complaint on September 12, 2024, and American Express sent the green return receipt back on September 19, 2024.  (ECF No. 11.)   If American Express had been served with the summons and complaint on September 12, or September 16, or September 19, 2024, then its answer would have been due on or about October 3, October 7, or October 10, 2024, respectively.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

On October 11, 2024, the Clerk of the Court entered default as to American Express.  (ECF No. 10.)  Counsel for "American Express National Bank" ("American Express") appeared on October 24, 2024 (ECF No. 16), and Judge Behm has referred this case to me for pretrial matters (ECF No. 29).  The Court will now address the motions pending in this case, although not necessarily in the order filed.

---

[3] *See* https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=95909402904341228 86302.

**C.     Defendant's motion to set aside Clerk's entry of default (ECF No. 20)**

On November 8, 2024, American Express filed a motion to set aside Clerk's entry of default pursuant to Fed. R. Civ. P. 55(c), contending that Plaintiff "failed to effectuate proper service of the Summons and FAC on American Express." (ECF No. 20, PageID.97.)  "The court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c).  *See also Roper v. Mortg. Elec. Registration Sys.*, No. 07-10002, 2008 WL 275689, at *2 (E.D. Mich. Jan. 31, 2008) (Steeh, J.) ("In this case, the default was not willful, the set-aside will not prejudice plaintiffs, and defendant St. Francis has raised a meritorious defense."); *Golden v. Nat'l Fin. Adjusters*, 555 F. Supp. 42, 44 (E.D. Mich. 1982) (Freeman, J.).

Upon consideration of the motion papers and exhibits, the Court concludes that the Clerk's entry of default (ECF No. 10) should be set aside, because good cause, as contemplated by Fed. R. Civ. P. 55(c), exists.  The rule governing service of summons requires that "[a] summons must be served *with a copy of the complaint*."  Fed. R. Civ. P. 4(c)(1) (emphasis added).  To support its position that service was improper, Defendant relies upon the November 8, 2024 declaration of Raquel Hernandez, an Assistant Custodian of Records for American Express, who states, *under penalty of perjury*:

> On or about September 16, 2024, American Express received a package that had been sent by Plaintiff via U.S. Mail, that reflected a postage date of September 13, 2024, and which was received at 200 Vesey Street, New York, NY.  The contents of the package Plaintiff

> sent to American Express consisted only of a summons and a completed proof of service; no copy of the complaint or amended complaint was included in the mailing.

(ECF No. 20-2, PageID.109 ¶ 2.)  *See also* 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury").  Exhibit A to the declaration consists of a copy of the USPS Priority Mail Express envelope, a copy of the September 11, 2024 "Summons in a Civil Action," and a copy of the related "Summons and Complaint Return of Service."  (ECF No. 20-3.)  Tracking information for the envelope indicates it arrived at a New York, NY post office on September 13, 2024, was picked up at a postal facility on September 16, 2024, and was signed for by T. Severe.[4]  Hernandez attests this exhibit is "a true and correct copy of the mailing received by American Express."  (ECF No. 20-2, PageID.109 ¶ 2.) Hernandez further attests that, "[a]s of November 7, 2024, American Express has not been served, or otherwise received, any copy of the original Complaint or FAC from Plaintiff by mail or any other means."  (ECF No. 20-2, PageID.109 ¶ 3.)

By comparison, in a response that is *neither sworn nor signed under penalty of perjury*, Plaintiff contends that American Express "was properly served [a] summons and complaint on [September 16, 2024]."  (ECF No. 22, PageID.128.) As "proof of delivery," Plaintiff cites the USPS tracking information for the

---

[4] *See* ECF No. 20-3, PageID.112; ECF No. 22, PageID.130-131; and, https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=EI998800427US.

Priority Mail Express envelope attached to Defendant's motion (*see* ECF No. 22, PageID.130-131 [Exhibit A] & ECF No. 20-3, PageID.112); as for the "complaint," Plaintiff cites the typewritten "Complaint" and "Demand" attached to the original pleading (*see* ECF No. 22, PageID.132-133 [Exhibit B]).  (ECF No. 22, PageID.128.)  Yet, the latter exhibit consists of a mere *two* pages of the original complaint.  (*Compare* ECF No. 22, PageID.132-133 [Exhibit B]; *with*, ECF No. 1, PageID.11-12.)  Even if these two pages were served upon Defendant on September 16, 2024, they are not representative of the *entire* initial complaint or the *entire* FAC, each of which is 26 pages in length, excluding the Civil Cover Sheet.  (ECF Nos. 1, 8.)  Seemingly invoking Fed. R. Civ. P. 12(a)(1)(A)(i)'s 21-day time period, Plaintiff contends American Express should have answered by October 7, 2024, and he further contends Defendant's failure to date the return receipt "slow[ed] down the 21 days to answer the summons & complaint."  (*Id.*, PageID.129.)

The Court recognizes that the Hernandez declaration and Plaintiff's response are at odds as to whether American Express was served with a copy of either the original complaint or the FAC; yet, even if Plaintiff's response had been sworn or signed under penalty of perjury, it appears undisputed that Defendant did not receive a *full* copy of either the initial complaint (ECF No. 1) or the FAC (ECF No. 8).  Plaintiff having not complied with Fed. R. Civ. P. 4(c)(1), the Court **GRANTS**

Defendant's motion (ECF No. 20) to set aside Clerk's entry of default (ECF No. 10).

**D.     Defendant's motion to quash service of summons and to dismiss for insufficient process (ECF No. 21) & Plaintiff's motion to strike Defendant's motion for insufficient process (ECF No. 28)**

On the same day Defendant filed its motion to set aside Clerk's entry of default (ECF No. 20), it also filed a motion to quash service of summons and to dismiss for insufficient process (ECF No. 21), relying upon the same November 8, 2024 Hernandez Declaration (*see* ECF No. 20-2 & ECF No. 21-1) and the same envelope, summons, and return of service form (*see* ECF No. 20-3 & ECF No. 21-2).  Responses and replies were filed.  (*See* ECF Nos. 22-27.)  Then, on December 12, 2024, Plaintiff filed a "motion to strike Defendant['s] motion for insufficient process[,]" (ECF No. 28), and Defendant has filed a response (ECF No. 30).

Defendant moves for dismissal based on "insufficient service of process[,]" Fed. R. Civ. P. 12(b)(5), while also relying upon Fed. Rules Civ. P. 4(h) and 4(e)(1), as well as M.C.R. 2.105(e).  (ECF No. 21, PageID.117.)  "It is well established that in cases involving improper service, courts have broad discretion to dismiss the action."  *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 at 288 (2d ed. 1987)).  "Although Rule 12(b)(5) 'permits a party to raise the defense of insufficiency of service of process

in a motion to dismiss,' the 'court *has discretion to either dismiss the action or quash service* but retain the case for proper service later.'" *Warner v. Hamburgh Prods., LLC*, No. 12-13290, 2013 WL 2048635, at *3 (E.D. Mich. May 14, 2013) (Edmunds, J.) (emphasis added) (quoting *Rojek v. Catholic Charities, Inc.,* No. 08–14492, 2009 WL 3834013, *3 (E.D. Mich. Nov.16, 2009) (Rosen, J.)).  Put another way,

> The Sixth Circuit Court of Appeals (Sixth Circuit) has held that "if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later." *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir.1952); *Maichok v. Bertha–Consumers Co.*, 25 F.2d 257 (6th Cir.1928); *see also Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575 (4th Cir.1983) (citations omitted) (plaintiff should be given reasonable opportunity to effect valid service on defendant in compliance with Hague Convention); *Jim Fox Enterprises, Inc. v. Air France*, 664 F.2d 63, 65 (5th Cir.1981).  Accordingly, "[w]hen the gravamen of defendant's motion is insufficiency of process, *the motion must be treated as one to quash service*, with leave to plaintiffs to attempt valid service." *Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D.N.Y.1985).

*Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (Cook, J.) (emphasis added).  This outcome – as well as the Court's above decision to set aside default and its below decision to deny Plaintiff's request for a default judgment – is consistent with our Circuit's longstanding "policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F. 2d 160, 162 (6th Cir. 1993) (citing *Nealy v. Transportation Maritima Mexicana, S.A.*, 662 F. 2d 1275, 1279 (9th Cir. 1980)).

Nonetheless, "[w]hen the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." *Frederick*, 153 F.R.D. at 123 (citing cases).  Plaintiff has not met his burden.  As set forth in detail above, the Clerk's October 11, 2024 entry of default (ECF No. 10) has been set aside, because Plaintiff's first attempt at service of process did not comply with Fed. R. Civ. P. 4(c)(1).  Accordingly, and keeping in mind that "'[w]hen the gravamen of defendant's motion is insufficiency of process, the motion *must be treated as one to quash service*, with leave to plaintiffs to attempt valid service[,]'" *Frederick*, 153 F.R.D. at 123 (quoting *Daley,* 105 F.R.D. at 89) (emphasis added), Defendant's motion (ECF No. 21) is **GRANTED** to the extent it seeks to quash the service of summons but **DEEMED MOOT** (or, alternatively, premature) to the extent it seeks dismissal under Fed. R. Civ. P. 12(b)(5).  Instead, Plaintiff **SHALL** have up to and including **Friday, January 31, 2025** by which to effect proper and complete service of process upon Defendant, consistent with Fed. R. Civ. P. 4(c)(1), 4(e)(1), and 4(h).  As a result of these rulings, Plaintiff's motion (ECF No. 28) to strike Defendant's motion is **DENIED**.

## E.     Plaintiff's Motion for Default Judgment (ECF No. 17)

Since the Clerk's October 11, 2024 entry of default (ECF No. 10), Plaintiff has twice sought Clerk's entry of judgment by default pursuant to Fed. R. Civ. P. 55(b) and E.D. Mich. LR 55.2 (*see* ECF Nos. 12, 14).  In each case, the Clerk has

denied the request, explaining that "[t]he requested amount cannot be verified in accordance with LR 55.2."  (ECF Nos. 13, 15.)

On October 25, 2024, Plaintiff filed a motion for default judgment (ECF No. 17), presumably pursuant to Fed. R. Civ. P. 55(b)(2), and American Express has filed a response (ECF No. 19).  E.D. Mich. LR 55.2(d) requires a "statement that a default has been entered" before a default judgment may be pursued.  Although the Clerk's October 11, 2024 entry of default was still on the docket at the time Plaintiff filed his October 25, 2024 motion for default judgment (*see* ECF Nos. 10, 17), the default now has been set aside, as discussed above.  *See Farrell v. US Bank Nat'l Ass'n,* No. 14-cv-11781, 2014 WL 12658841, *1 (E.D. Mich. Aug. 8, 2014) (Murphy, J.) (affirming magistrate judge's denial of motion for entry of default judgment on general pretrial referral where "entry of default judgment was procedurally inappropriate because the clerk denied Farrell's request for entry of default.").  Accordingly, Plaintiff's motion for default judgment (ECF No. 17) is **DENIED**.  *See Williams v. Grand Rapids Public Library*, 1:06-cv-635, 2006 WL 3299772, at *2 (W.D. Mich. Nov. 14, 2006) (". . . a motion for default judgment is out of order unless and until a default has been entered under Rule 55(a)."); *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."); *Ramada Franchise Sys., Inc. v. Baroda*

11

*Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("an entry of default is a

prerequisite to a default judgment.  Thus, a default judgment cannot be granted

until a default is entered by the Clerk.").  Since the default in this case has now

been set aside, a default judgment cannot be entered.

**IT IS SO ORDERED.**[5]

Dated:  December 30, 2024

_____
ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a
period of fourteen (14) days after being served with a copy of this order within
which to file objections for consideration by the district judge under 28 U.S.C. §
636(b)(1).  *See also McQueen v. Beecher Community Schools*, 433 F.3d 460, 471-
472 (6th Cir. 2006) (where motion for default judgment is on referral to magistrate
judge for hearing and determination, failure to object to district judge deprives
Court of Appeals of jurisdiction to review order).