UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON TYRONE PALMER,

    Plaintiff,

v.

    Case No. 4:24-cv-12393
    District Judge F. Kay Behm
    Magistrate Judge Anthony P. Patti

AMERICAN EXPRESS,

    Defendant.

_____/

**OPINION AND ORDER: (1) DENYING AS MOOT PLAINTIFF'S SERVICE-RELATED MOTION (ECF No. 36); (2) GRANTING PLAINTIFF'S MOTION TO WITHDRAW (ECF No. 48); (3) DEEMING WITHDRAWN CERTAIN MOTIONS (ECF Nos. 41, 44, 45, 46); (4) DIRECTING THE CLERK TO CHANGE THE DOCKET DESCRIPTIONS AS TO CERTAIN FILINGS (ECF Nos. 41, 50, 52); and, (4) DENYING WITHOUT PREJUDICE PLAINTIFF'S RECENT MOTIONS TO AMEND (ECF Nos. 49, 51)**

A.    **The Court construes Plaintiff's third amended complaint (ECF No. 35) as the operative pleading.**

This is a Consumer Credit Protection Act (CCPA) case. *See* 15 U.S.C. §§ 1601 to 1693r. On September 11, 2024, Plaintiff initiated this fee-paid matter, alleging that he "has a right to credit pursuant to" 15 U.S.C. § 1602. (ECF No. 1, PageID.5.) On September 19, 2024, he filed a first amended complaint (FAC), though there are few appreciable differences. (*Compare* ECF No. 1, PageID.5-6, 11; *with* ECF No. 8, PageID.40-41, 46.)

Following the Court's December 2024 order, which, *inter alia*, granted Defendant's motion to set aside Clerk's entry of default  (*see* ECF No. 31, PageID.163-166), Plaintiff filed a second amended complaint (SAC) (ECF No. 34) and a third amended complaint (TAC) (ECF No. 35).  (*See also* ECF No. 37.)  It appears the only difference between the SAC and the TAC is the latter's addition of Exhibit H.  (*See* ECF No. 35, PageID.232-233.)  (*See also* ECF No. 42 [Addendum to Complaint].)

Judge Behm has referred this case to me for pretrial matters.  (ECF No. 29.)  Currently pending before the Court are six motions, five of which are addressed below.

**B.**  **Plaintiff's January 30, 2025 motion for service of process by the U.S. Marshals Service (USMS) (ECF No. 36) is DENIED AS MOOT.**

On January 30, 2025, along with his TAC (ECF No. 35), Plaintiff filed a motion for service of process by the U.S. Marshals (ECF No. 36), as to which a response would have been due on or about February 13, 2025.  *See* E.D. Mich. LR 7.1(e)(1)(A).  To date, Defendant has not filed a response; thus, this motion is unopposed.  Fed. R. Civ. P. 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").  Moreover, Defendant's pending motion to dismiss does not appear to contest service of the TAC.  (*See* ECF No. 38, PageID.251.)  Upon consideration, Plaintiff's January 30,

2025 motion for service of process by the USMS (ECF No. 36) is **DENIED AS MOOT**.

C. **Plaintiff's motion to withdraw certain motions (ECF No. 48) is GRANTED, the February 2025 motions to strike (ECF Nos. 41, 44, 45, 46) are DEEMED WITHDRAWN, and the Clerk of the Court is DIRECTED to change the docket description as to one of the withdrawn motions (ECF No. 41).**

Among the motions pending before the Court is Defendant's February 7, 2025 motion to dismiss Plaintiff's TAC (ECF Nos. 38, 39), as to which a response was due on March 18, 2025 (ECF No. 40). On February 11, 2025, Plaintiff filed a "motion to strike Defendant['s] answer," (ECF No. 41), which opens with the phrase, "Defendant['s] motion should not be granted because . . . [,]" (*id.*, PageID.273), and which Defendant's reply construes as a response (*see* ECF No. 43). On February 26, 2025, Plaintiff filed three motions to strike (ECF Nos. 44, 45, 46), as to which Defendant has filed a single response (ECF No. 47).

However, on March 17, 2025, Plaintiff filed a motion (ECF No. 48) to withdraw the four motions to strike (ECF Nos. 41, 44, 45, 46). Upon consideration, Plaintiff's motion (ECF No. 48) is **GRANTED** and Plaintiff's February 2025 motions to strike (ECF Nos. 41, 44, 45, 46) are **DEEMED WITHDRAWN**. While the Court appreciates Plaintiff's withdrawal of the four motions to strike, **Plaintiff is cautioned** for the future that motions to strike "are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324*

3

*Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal citations omitted). <u>If Plaintiff believes that a motion filed by Defendant should be denied, his proper course of action is to file a "response in opposition," not a motion to strike</u>. *See* Fed. R. Civ. P. 12(f) and E.D. Mich. LR 7.1(c)(1).

Moreover, the Clerk of the Court is **DIRECTED** to change the docket description for Plaintiff's February 11, 2025 withdrawn motion (ECF No. 41) to a *response* to Defendant's pending dispositive motion (*see* ECF No. 38). Defendant has since filed a reply (ECF No. 43). The motion to dismiss (ECF No. 41) will be addressed under separate cover.

**D.    Plaintiff's March 2025 attempts to amend (ECF Nos. 49, 51) are DENIED WITHOUT PREJUDICE, and the Clerk of the Court is DIRECTED to change the docket descriptions as to certain filings (ECF Nos. 50, 52).**

On March 17, 2025, Plaintiff filed a motion for leave to file an amended complaint (ECF No. 49), and, on March 18, 2025, Plaintiff filed an *amended* motion for leave to file an amended complaint (ECF No. 51). Comparing the two, it seems the purpose for the latter was to rename the attached, proposed amended complaint from "Exhibit A" to "Exhibit A2." (*Compare* ECF No. 49, PageID.324-325; *with*, ECF No. 51, PageID.337-338.) In any event, neither of these motions certifies compliance with E.D. Mich. LR 7.1(a) ("Seeking Concurrence in Motions and Requests."). Therefore, Plaintiff's motions (ECF Nos. 49, 51) are **DENIED WITHOUT PREJUDICE**. Finally, the Clerk of the Court is **DIRECTED** to

4

change the docket description for: (1) Plaintiff's March 17, 2025 filing (ECF No. 50) to *Exhibits A-E to Plaintiff's motion to amend (ECF No. 49)*; and, (2) Plaintiff's March 18, 2025 filing (ECF No. 52) to *Exhibit F to Plaintiff's motion to amend (ECF No. 49)*.

    **IT IS SO ORDERED.**[1]

Dated:   March 21, 2025

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1). *See also McQueen v. Beecher Community Schools*, 433 F.3d 460, 471-472 (6th Cir. 2006) (where motion for default judgment is on referral to magistrate judge for hearing and determination, failure to object to district judge deprives Court of Appeals of jurisdiction to review order).